UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD BRUCE | CIVIL ACTION |
| VERSUS | NO: 24-2792 |
| HALLIBURTON ENERGY SERVICES, INC. | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 7)** filed by the defendant, Halliburton Energy Services, Inc. The plaintiff, Richard Bruce, opposes the motion. The motion, submitted for consideration on March 19, 2025, is before the Court on the briefs without oral argument.

The plaintiff, Richard Bruce, has brought this case against his employer, the defendant Halliburton Energy Services, Inc., pursuant to the Jones Act and general maritime law. The plaintiff alleges that on or about February 2, 2022, he was injured while serving as a Jones Act seaman aboard the drillship BLACK LION, a vessel in navigation. (Rec. Doc. 6, FAC ¶ III). The plaintiff alleges that as part of his employment with Halliburton aboard the BLACK LION, he serviced critical equipment on the vessel necessary for its operation and mission. (*Id.* ¶ V). Although the complaint does not provide details regarding exactly what occurred on February 2, 2022, the plaintiff claims that he was involved in an accident while working aboard the vessel and sustained "serious painful injuries to his back and other parts of his body" as a result of the incident. (*Id.* ¶ VI).

Halliburton now moves pursuant to Rule 12(b)(6) to dismiss the complaint

1

arguing that it lacks sufficient factual detail to demonstrate either seaman status or negligence on the part of Halliburton for the plaintiff's injuries.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Mindful that Federal Rule of Civil Procedure 8(a)(2) demands only a "short and plain statement of the claim" sufficient for the defendant to have notice of the claim, the Court is persuaded that the plaintiff's complaint should not be dismissed based on the sparsity of factual detail provided. The plaintiff correctly points out that this case is in its infancy and no discovery has been undertaken—discovery that the plaintiff anticipates will allow him to expound upon his negligence theory against Halliburton—and to provide adequate factual support for his entitlement to seaman status. The Court agrees with the plaintiff's contention that the arguments that Halliburton now raises are more typically addressed at the summary judgment stage rather than on the pleadings alone.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 7)** filed by the defendant, Halliburton Energy Services, Inc., is **DENIED**.

March 17, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, as the plaintiff notes, even if the Court had found Halliburton's arguments to be persuasive, the appropriate course of action would not be to dismiss the case but rather to allow the plaintiff to amend his complaint.